UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    LISA M. HAHN                                                          Case No. 12-13247
        Debtor/Appellant
                                                              Hon. Victoria A Roberts
_____/

**ORDER**

**I.    INTRODUCTION**

Before the Court is a bankruptcy appeal pursuant to 28 U.S.C. § 158. Debtor, Lisa M. Hahn, appeals the Bankruptcy Court's June 5, 2012 Order Denying Motion for Reconsideration.

The Court **AFFIRMS** the Bankruptcy Court's Order.

**II.    BACKGROUND**

On November 7, 2011, Ms. Hahn, Appellant, filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code. Gene R. Kohut, Appellee, is the Chapter 7 trustee of Hahn's bankruptcy estate.

Hahn claimed exemptions in Individual Retirement Accounts (IRA accounts) pursuant to 11 U.S.C. § 522(d)(12). On March 19, 2012, Kohut objected to such claim of exceptions on the ground that the IRA accounts did not qualify for exemptions since they were not in a fund or account that is exempt from taxation and because Hahn entered into an agreement that constituted a prohibited transaction.

The Bankruptcy Court held a hearing on April 23, 2012 and issued an Order Granting Trustee's Objection to Exemptions on the same day.

On May 21, 2012, Hahn filed a motion for reconsideration of the Bankruptcy Court's April 23, 2012 order. The Bankruptcy Court issued an Order Denying Motion for Reconsideration on June 5, 2012, relying on Local Bankruptcy Rule 9024-1(a), which specifies the requirements for a motion for reconsideration.

Pursuant to Fed. R. Bankr. P. 8001(a), Hahn filed a Notice of Appeal to this Court, pursuant to 28 U.S.C. § 158(a) or (b), appealing the judgment of the June 5, 2012 order.

**IV.   STANDARD OF REVIEW**

An order denying a motion for reconsideration is considered final for purposes of appeal. *In re J & M Salupo Dev. Co.,* 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008). It is reviewed for abuse of discretion. *United Mine Workers of Am. 1974 Plan & Trust v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, 396 B.R. 461 (B.A.P. 6th Cir. 2008).

"A court . . . abuses its discretion 'if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors.'" *Kaye v. Agripool, SRL (In re Murray, Inc.)*, 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008). Under this standard, the bankruptcy court's decision will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs., Inc.)*,

227 F.3d 604, 608 (6th Cir. 2000); *Rogan v. Countrywide Home Loans, Inc.* (*In re Brown*), 413 B.R. 700 (B.A.P. 6th Cir. 2009).

A motion for reconsideration in a bankruptcy proceeding is construed as filed pursuant to Fed. R. Civ. P. 60(b). *See In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003) (finding that Local Rule 9024-1 of the Bankruptcy Court mirrors the federal rules and "Federal Rule of Bankruptcy Procedure 9024 provides that Federal Rule of Civil Procedure 60 applies in cases under the Bankruptcy Code."). An appeal from its denial does not bring up the underlying judgment for review. *See Browder v. Dir. Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *In re Javens*, 23 F. App'x 456, 457 (6th Cir. 2001). Accordingly, the arguments raised by Hahn on the merits underlying the judgment of the Order Denying Motion for Reconsideration will not be reviewed. *See In re Javens*, 23 F. App'x at 457**.**

## IV.     ANALYSIS

In denying Hahn's motion for reconsideration, the Bankruptcy Court relied on Local Rule 9024-1(a), finding that nothing in her motion warranted reconsideration of its Order Granting Trustee's Objection to Exemptions. Local Rule 9024-1(a)(3) is the standard that applies to motions for reconsideration:

> Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Bankr. E.D. Mich. R. 9024-1(a)(3).

Upon thorough review, this Court finds that Hahn's motion for reconsideration

presented, expressly or by reasonable implication, the issues that were already ruled upon by the Bankruptcy Court in its April 23, 2012 hearing. The crux of Hahn's reconsideration motion is that the Bankruptcy Court erred in following *In re Daley*, 459 B.R. 270 (Bankr. E.D. Tenn. 2011), because its facts did not mirror the facts of her case, and because Hahn did not intend to include any condition in any agreement which would be contrary to the purpose of the IRA. This Court's examination of the hearing transcript reveals that the issues of *In re Daley*'s applicability and Hahn's intent were raised and argued at the hearing; the Bankruptcy Court decided them.

A reasonable person could agree with the Bankruptcy's Court's decision to deny Hahn's motion for reconsideration based on the standard of Local Rule 9421-1(a)(3). This Court does not have a definite and firm conviction that the Bankruptcy Court committed a clear error of judgment in denying Hahn's motion for reconsideration. The Bankruptcy Court did not abuse its discretion; its decision should not be disturbed.

## V. CONCLUSION

The Bankruptcy Court's Order Denying Motion for Reconsideration is **AFFIRMED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
Dated:  November 26, 2012          United States District Judge

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 26, 2012.**

**S/Carol A. Pinegar**
**Deputy Clerk**