UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    LISA M. HAHN                                   Case No. 12-13247
          Debtor/Appellant

                                          Hon. Victoria A Roberts

_____/

**ORDER DENYING DEBTOR/APPELLANT'S
MOTION FOR RECONSIDERATION (DOC. 11)**

      This matter is before the Court on Debtor/Appellant Hahn's Motion for Reconsideration of this Court's November 26, 2012 Order, which affirmed the Bankruptcy Court's denial of reconsideration of its Order Granting Trustee's Objection to Exemptions.

      Local Rule 7.1(h)(3) provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

      Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not

1

provide a party with an opportunity to relitigate issues already decided." *Id.*

Ms. Hahn says that this Court did not make a ruling on the Bankruptcy Court's underlying order, which is the Order Granting Trustee's Objections to Exemptions. She argues that the Court only addressed the Bankruptcy Court's Order Denying Motion for Reconsideration, although the substantive issues that Ms. Hahn raised on appeal relate directly to the exemptions and whether they should be allowed.

Ms. Hahn's argument is unavailing. The notice of appeal was untimely on the underlying order. The Bankruptcy Court entered final judgment on that order on April 23, 2012. Under Federal Rule of Bankruptcy Procedure 8002(a), Ms Hahn had fourteen days from the date of entry of judgment--until May 7, 2012--to file a notice of appeal. Fed. R. Bankr. P. 8002(a). Ms. Hahn did not file a notice of appeal; instead, she filed a "motion for reconsideration" on May 21, 2012.

Rule 8002(b) states, in relevant part:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
>
> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
>
> (2) to alter or amend the judgment under Rule 9023;
>
> (3) for a new trial under Rule 9023; or
>
> (4) for relief under Rule 9024 if the motion is filed no later than 14 days after the entry of judgment.

Fed. R. Bankr. P. 8002(b).

Regardless of how the Bankruptcy Court could have construed it, Ms. Hahn'

2

motion for reconsideration did not toll the deadline for filing a notice of appeal under Rule 8002(b). A motion to amend findings under Rule 7052 or for a new trial or to amend the judgment under Rule 9023 must be filed within fourteen days of entry of judgment. Fed. R. Bankr. P. 7052, 9023. In addition, a motion for relief under Rule 9024 must be filed within fourteen days of the entry of judgment to toll the deadline to file a notice of appeal. Fed. R. Bankr. P. 8002(b)(4).

Moreover, Ms. Hahn did not seek an extension of time to file a notice of appeal. *See* Fed. R. Bankr. P. 8002(c). Rule 8002 is strictly construed and timely filing is a jurisdictional requirement. *In re HML II, Inc.*, 234 B.R. 67, 73 (B.A.P. 6th Cir. 1999) aff'd, 215 F.3d 1326 (6th Cir. 2000). Therefore, Ms. Hahn's notice of appeal was untimely as to the Bankruptcy Court's Order Granting Trustee's Objections to Exemptions, and this Court did not need to consider the issues related to its appeal. *See Miller v. Dist. of Columbia*, CIV.A. 12-55 CKK, 2012 WL 4051270 (D.D.C. Sept. 16, 2012) (dismissing an appeal from a final judgment due to failure to comply with the timing requirements of Rule 8002); *see also In re Javens*, 23 F. App'x 456, 457 (6th Cir. 2001) (appeal from a denial of a motion for reconsideration does not bring up the underlying judgment for review).

Accordingly, there is no palpable defect which if corrected would result in a different disposition of this Court's November 26, 2012 Order. Ms. Hahn's Motion for Reconsideration is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 9, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 9, 2013.

S/Linda Vertriest
Deputy Clerk